UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re MELANIO LOLARGA VALDELLON, III, et al.,<br><br>　　　　　Debtors.<br>―――――――――――――――――<br>MELANIO LOLARGA VALDELLON, III, et al.,<br><br>　　　　　Appellants,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　　Appellees. | District Case No.  2:21-cv-01802-DJC<br><br>Bankr. Case No. 14-22555-B-13<br><br><u>ORDER</u> |

　　　　Pending before the Court is Debtors Melanio Lolarga Valdellon, III and Ellen Cruz Valdellon's appeal of the Bankruptcy Court's order in Bankruptcy Case No. 14-22555-B-13 dismissing their Motion for Contempt.  (Notice Appeal (ECF No. 1).)

　　　　The Court held a hearing on this matter on November 16, 2023, with Mark Wolff appearing for Debtors, and Neil Cooper appearing for Appellees.  Having reviewed the Parties' briefings and arguments, this Court hereby REVERSES dismissal of the Motion for Contempt and REMANDS this matter to the Bankruptcy Court for further proceedings consistent with this order.

////

1

## BACKGROUND

In 2005, Debtor Melanio Valdellon obtained a loan ("Loan") secured by a deed of trust against Debtors' real property in Roseville, California; the Loan is owned by Appellee Wells Fargo Bank, N.A., as Indenture Trustee Under the Indenture Relating to IMPAC CMB Trust Series 2005-6, and is serviced by Appellee PHH Mortgage Corporation[1] (f/k/a Ocwen Loan Servicing, LLC) ("PHH"). (Pet. (ECF No. 9-1) at 32[2]; Proof of Claim 9-1 (ECF No. 9-93); Transfer of Claim (ECF No. 9-49).) Debtors filed a Chapter 13 bankruptcy in 2014. (Pet.) Debtors obtained confirmation of several Chapter 13 plans, all of which treated the Loan as a secured claim under 11 U.S.C. § 1322(b)(5) and provided for both the cure of pre-petition defaults on the Loan and ongoing monthly payments to keep the Loan current. (First Am. Plan (ECF No. 9-12) at 121; Order Confirming First Am. Plan (ECF No. 9-17); First Mod. Plan (ECF No. 9-20) at 172; Order Confirming First Mod. Plan (ECF No. 9-26); Second Mod. Plan (ECF No. 9-32) at 242–43; Order Confirming Second Mod. Plan (ECF No. 9-35).) Debtors' operative plan is their June 15, 2018 Second Modified Chapter 13 plan ("Plan"), which was confirmed on August 24, 2018. (Order Confirming Second Mod. Plan.)

Debtors completed their plan payments in September 2019, and Debtors sent monthly payments directly to Appellees beginning in October 2019. (Notice Completed Plan Payments (ECF No. 9-41); Mot. Contempt (ECF No. 9-67) at 5.) Debtors received a discharge on June 1, 2020, which enjoined creditors from collecting on discharged debts, and the bankruptcy was closed on June 15, 2020. (Discharge Order (ECF No. 9-59); Final Decree (ECF No. 9-61).)

Debtors re-opened their bankruptcy on January 20, 2021 to file an adversary proceeding against Appellees. (Ex Parte Appl. (ECF No. 9-63); Order Reopening

---

[1] As Appellees note in their corporate disclosure, they were erroneously sued as PHH, Wells Fargo Bank, N.A., IMPAC CMB Trust Series 2005-6, and Wells Fargo Bank, N.A. as Trustee of IMPAC CMB Trust Series 2005-6. (*See* Appellees' Br. (ECF No. 11) at 2.)

[2] Citations to the record on appeal are to the docket number(s) for Debtors' excerpts of record filed with this Court (ECF No. 9 through ECF No. 9-193) and, where appropriate, the excerpt of record page number.

Case (ECF No. 9-64).)  As is pertinent to this appeal, Count 1 of the adversary complaint alleged a violation of the discharge injunction, 11 U.S.C. § 524. (Adversary Compl. (ECF No. 9-103) at 982.)  Debtors filed an amended complaint in their adversary proceeding on July 13, 2021, with Count 1 again alleging violation of the discharge injunction.  (Am. Adversary Compl. (ECF No. 9-160).)

Appellees filed a motion to dismiss on July 26, 2021 arguing, inter alia, that Count 1 for violation of the discharge injunction was procedurally improper and relief could only be sought by way of a contempt motion, not an adversary proceeding. (Mot. Dismiss (ECF No. 9-163) at 1717; P. & A. (ECF No. 9-165) at 1735.)  Debtors then filed the subject Motion for Contempt on August 10, 2021, which duplicated Count 1 for violation of the discharge injunction pled in their adversary proceeding.  (*See* Mot. Contempt.)

On August 20, 2021, the Bankruptcy Court ruled on Appellees' motion to dismiss the amended adversary complaint.  (Mot. Dismiss Order (ECF No. 9-169).) The Bankruptcy Court rejected Appellees' procedural argument regarding Count 1, finding the procedural error was harmless and it had discretion to reach the merits. (*Id.* at 1784–85.)  On consideration of the merits, however, the Bankruptcy Court dismissed Count 1 with prejudice, finding Debtors failed to allege a violation of the discharge injunction because the conduct complained of occurred after the Plan was complete and the Loan was not discharged.  (*Id.* at 1785–88.)

Based on this ruling, the Bankruptcy Court also dismissed the Motion for Contempt as moot, reasoning that the Motion requested the same relief as Count 1. (*See* Civil Mins. (ECF No. 9-74); Order Dismissing Mot. Contempt (ECF No. 9-75).) Debtors appealed both the dismissal of the adversary complaint and the Motion for Contempt.  The dismissal of the adversary complaint is the subject of related appellate proceedings in *Valdellon v. PHH Mortg. Corp.* (*In re Melanio Lolarga Valdellon, III)*, No. 21-cv-1840, before this Court.  (*See* Related Case Order (ECF No. 6).)

////

**LEGAL STANDARD**

"The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998) (quoting *Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988)). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001), *as amended* (Aug. 15, 2001) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (quotation marks omitted).

Mootness is a question of law reviewed de novo on appeal. *See Nat. Res. Def. Council v. Cnty. of Los Angeles*, 840 F.3d 1098, 1102 (9th Cir. 2016).

**ANALYSIS**

On February 2, 2024, this Court reversed the Bankruptcy Court's dismissal of Count 1 with prejudice, finding that the Bankruptcy Court abused its discretion in denying Debtors' leave to amend because amendment was not futile. *See In re Melanio Lolarga Valdellon, III*, No. 2:21-cv-1840, ECF No. 28. The Court granted Debtors leave to file an amended adversary complaint within 30 days and remanded the matter to the Bankruptcy Court for further proceedings. *Id.*

The Court's decision in Case No. 21-cv-1840 compels reversal here as well, as there is now a live case or controversy. Accordingly, the Court will reverse the Bankruptcy Court's dismissal of Debtors' Motion for Contempt on mootness grounds.

**CONCLUSION**

For the reasons set forth above, the Court hereby:

1. REVERSES the Bankruptcy Court's dismissal of Debtors' Motion for Contempt;

2. REMANDS this matter to the Bankruptcy Court for further proceedings consistent with this order; and

3. DIRECTS the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated: __February 2, 2024__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – valdellon21cv1802.BankrAppeal